IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MARCUS DILWORTH, #233 9002              *

    Petitioner,                              *

v.                                      *        2:07-CV-1060-MEF
                                                          (WO)
RICHARD ALLEN, *et al.*,                *

    Respondents.                             *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Petitioner, Marcus Dilworth, on December 2, 2007.  In this petition, Petitioner

challenges his convictions for attempted first degree assault, first degree assault, and reckless

manslaughter entered against him by the Circuit Court for Montgomery County, Alabama,

on January 30, 2004.[1]  Petitioner is serving a total of 30 years imprisonment for these

convictions. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions in

a memorandum opinion filed October 22, 2004 and issued a certificate of judgment on

November 10, 2004. By operation of law, Petitioner's convictions became final on November

24, 2004.

Pursuant to the orders of this court, Respondents filed an answer in which they argue

---

[1]Respondents incorrectly reference one of Petitioner's convictions as being for attempted murder
rather than for attempted first degree assault.  (*See Doc. No. 8 at 1, Exhs. A, C.*)

that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  Respondents contend that because

Petitioner's convictions became final in 2004- **after** the effective date of the statute of

limitations -- he must have filed his § 2254 petition within a year of these convictions

becoming final, exclusive of the time that any properly filed state post-conviction petition

was pending in the state courts. Respondents acknowledge that Petitioner filed a Rule 32

petition with the trial court on October 21, 2005.  They maintain, however, that even

allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the

limitation period expired prior to Petitioner filing the present federal habeas petition.  *(Doc.*

*No. 8 at 3.)*; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*,

255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears

that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside

the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. §

2254 petition begins to run on the date when the time for seeking direct review of the

challenged judgment expires. Petitioner was convicted of first degree assault, attempted first

degree assault, and reckless manslaughter in the Circuit Court for Montgomery County,

Alabama, on January 30, 2004.    The Alabama Court of Criminal Appeals affirmed

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

Petitioner's appeal of his convictions on October 22, 2004 and issued a certificate of

judgment on November 10, 2004. Since Petitioner did not seek further relief from the

Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United

States Supreme Court and the time for seeking review of Petitioner's 2004 convictions,

therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with

the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of

judgment. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d

1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a

petition for writ of certiorari may only be filed to review a judgment or order entered by a

state court of last resort and must be filed within ninety (90) days of the action undertaken

by such state court). Thus, Petitioner's attempted first degree assault, first degree assault, and

reckless manslaughter convictions became final on November 24, 2004 and the one-year

limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this

section." The court finds that the limitation period ran for 327 days after Petitioner's

convictions became final until the filing a Rule 32 petition in the Circuit Court for

Montgomery County on October 21, 2005. This petition remained pending in the state courts

until December 8, 2006 when the Alabama Supreme Court denied Petitioner's petition for

writ of certiorari. Thus, as of the aforementioned date, Petitioner had 38 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on January 16, 2007.

Petitioner filed his federal habeas petition on December 2, 2007. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before March 4, 2008 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 13th day of February 2008.

 /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE