IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MARCUS DILWORTH, #233 9002 | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-1060-MEF |
| | | (WO) |
| RICHARD ALLEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Marcus Dilworth, on December 2, 2007. In this petition, Petitioner challenges his convictions for attempted first degree assault, first degree assault, and reckless manslaughter entered against him by the Circuit Court for Montgomery County, Alabama, on January 30, 2004.[1] Petitioner is serving a total of 30 years imprisonment for these convictions. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions in a memorandum opinion filed October 22, 2004 and issued a certificate of judgment on November 10, 2004. By operation of law, Petitioner's convictions became final on November 24, 2004.

Pursuant to the orders of this court, Respondents filed an answer in which they argue

---

[1] Respondents appear to have inadvertently referenced one of Petitioner's convictions as being for attempted murder rather than for attempted first degree assault. (*See Doc. No. 8 at 1, Exhs. A, C.*)

that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).² Respondents contend that because Petitioner's convictions became final in 2004- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Petitioner filed a Rule 32 petition with the trial court on October 21, 2005. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. *(Doc. No. 8 at 3*.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( *Doc. No. 9*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner has filed no response. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

---

²Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

## I. DISCUSSION

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[3] 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of first degree assault, attempted first degree assault, and reckless manslaughter in the Circuit Court for Montgomery County, Alabama, on January

---

[3]This section provides:

>    (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

30, 2004. The Alabama Court of Criminal Appeals affirmed Petitioner's appeal of his convictions on October 22, 2004 and issued a certificate of judgment on November 10, 2004. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his 2004 convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's attempted first degree assault, first degree assault, and reckless manslaughter convictions became final on November 24, 2004 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 327 days after Petitioner's convictions became final until the filing of a Rule 32 petition in the Circuit Court for Montgomery County on October 21, 2005. This petition remained pending in the state courts

until December 8, 2006 when the Alabama Supreme Court denied Petitioner's petition for writ of certiorari.  Thus, as of the aforementioned date, Petitioner had 38 days of the applicable limitation period remaining within which to file a federal habeas petition.  The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on January 16, 2007. As noted, the instant habeas application was filed on December 2, 2007, more than ten months after the limitation period had expired.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

On February 13, 2008 the court granted Petitioner twenty-one days to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1).  As of the within signature date, Petitioner has filed no response.  Consequently, the undersigned finds no basis upon which

to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *Sandvik*, 177 F.3d at 1271.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Marcus Dilworth be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 26, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of March 2008.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE